IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICKY GIBB, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:19-cv-1113-DWD |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

    Before the Court is Micky Gibb's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 1) In November 2020, the Court appointed a Federal Public Defender to represent Gibb and file either an amended petition or a motion to withdraw. (Doc. 8) In January 2021, Gibb's counsel filed a motion to withdraw, stating that she could find no non-frivolous basis for Gibb's petition. (Doc. 10) In April 2021, Respondent filed its brief in response to Gibb's petition. (Doc. 17) Gibb responded to the Federal Public Defender's motion to withdraw but indicated he never received Respondent's brief. (Doc. 19 at 2) As a one-time courtesy, the Court ordered the Clerk of Court to send Gibb a copy of Respondent's brief and extended the deadline for his response to July 9, 2021. (Doc. 20) The Clerk of Court sent him the document, but Gibb did not file a response. Accordingly, Gibb's petition is now ripe for decision. For the following reasons, the petition is due to be denied.

    "Relief under [§ 2255] is available only in extraordinary situations, such as an error

of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013). However, inmates may not use § 2255 to relitigate issues decided on direct appeal. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004). Issues not raised on direct appeal are procedurally defaulted and may not be raised in a § 2255 motion, unless an inmate shows cause for the default and actual prejudice, or that he is actually innocent of the crimes of which he was convicted. *Allison v. United States*, No. 19-cv-349-SPM, 2021 WL 872138, at *10 (S.D. Ill. Mar. 9, 2021).

On December 17, 2014, a superseding indictment charged Gibb with conspiracy to possess with intent to distribute cocaine and aiding and abetting in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) & 846 (Count 1); attempt to interfere with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 2 & 1951 (Count 2); using or carrying firearms in furtherance of a drug trafficking offense and a crime of violence and aiding and abetting in violation of 18 U.S.C. §§ 2 & 924(c)(1)(A)(i) (Count 3); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 4). *United States v. Gibb*, No. 3:13-cr-30170-DRH-1, Doc. 116 (S.D. Ill. Dec. 17, 2014). Gibb plead guilty to all charges. *Id.*, Docs. 130 & 132. Gibb stipulated to the fact that he possessed two firearms. *Id.*, Doc. 133 at 3–6. In May 2015, Gibb was sentenced to a total term of imprisonment of 120 months. *Id.*, Doc. 160.

Section 924(c)(1)(A) provides that any person who uses or carries a firearm in furtherance of a crime of violence or a drug trafficking crime is subject to certain

minimum sentences. Section 924(c)(3)(B) provides one definition for the term "crime of violence." On June 24, 2019, the Supreme Court issued its decision in *United States v. Davis*, 139 S. Ct. 2319. In *Davis*, the Supreme Court ruled that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. Gibb argues that his conviction under § 924(c)(1)(A) relied on § 924(c)(3)(B) and is thus undermined by *Davis*. (Doc. 1 at 1) Gibb also claims that "was never in possession of any firearm or drugs." (Doc. 1 at 2)

Because Gibb did not raise these arguments on direct appeal,[1] they are procedurally defaulted. *See Allison*, No. 19-cv-349-SPM, 2021 WL 872138, at *10. To overcome this default, he must show cause and actual prejudice, or that he is actually innocent of the crimes of which he was convicted. *Id.* Even if the Court assumes that Gibb has shown cause for his default because *Davis* was decided after his conviction and sentencing, Gibb has not shown actual prejudice. *Davis* invalidated § 924(c)(3)(B), which provides one definition of "crime of violence," which is one trigger for § 924(c)(1)(A). Section 924(c)(3)(A) provides another definition of "crime of violence" that applies to Gibb's conviction under 18 U.S.C. § 1951. *See United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *vacated on other grounds by*, *Anglin v. United States*, 138 S. Ct. 126 (2017). And Gibb's convictions under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) & 846 constitute drug trafficking crimes that also trigger § 924(c)(1)(A). Thus, *Davis* in no way invalidates Gibb's conviction under § 924(c)(1)(A), because he was convicted of other crimes that triggered § 924(c)(1)(A) independently of § 924(c)(3)(B).

---

[1] Gibb waived his right to appeal in his plea agreement. *United States v. Gibb*, No. 3:13-cr-30170-DRH-1, Doc. 132 at 10 (S.D. Ill. Jan. 23, 2015).

Gibb has also not excused his default by showing actual innocence. To satisfy this exception to procedural default, Gibb must show that "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015) (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). Gibb has not pointed to any new evidence. He does now claim that he never possessed a firearm during the incident for which he was arrested and convicted. (Doc. 1 at 2) However, this assertion directly contradicts facts to which he stipulated when entering his plea agreement. *See United States v. Gibb*, No. 3:13-cr-30170-DRH-1, Doc. 133 (S.D. Ill. Jan. 23, 2015). Thus, Gibb has not shown actual innocence, and his petition is procedurally defaulted.

Accordingly, Assistant Federal Public Defender Melissa Day's Motion to Withdraw (Doc. 10) is **GRANTED**; Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**; and this action is **DISMISSED with prejudice**. The Clerk of Court is DIRECTED to enter judgment accordingly.

**SO ORDERED.**

Dated: August 26, 2021

_____
DAVID W. DUGAN
United States District Judge